IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVEREST NATIONAL INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) Case No. 3:23-cv-00442 |
| v. | ) ) Judge Aleta A. Trauger ) |
| ROBERT PIRAINO, MUSIC CITY FENCING CLUB, INC., JANE DOE, a minor, and JOHN DOE, her father, and JUDY DOE, her mother. | ) ) ) ) ) |
| Defendants. | |

## ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default filed by Plaintiff against Robert Piraino and Music City Fencing Club, Inc. ("Defendants") pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 43).[1] For the following reasons, the Plaintiff's Motion for Entry of Default is **GRANTED**.

Plaintiff filed this action against Defendants on May 3, 2023. (Doc. No. 1). On February 16, 2024, Plaintiff had Alias Summonses Issued as to Defendants. (Doc. No. 40). On February 29, 2024, Plaintiff filed Affidavits of Serviced executed by process server, Garrett Mojica, stating that he personally served Defendant Robert Piraino, in his individual capacity and as registered agent

---

[1] Also pending is a Motion for Entry of Default filed on December 29, 2023, seeking the same relief. (Doc. No. 32). The Clerk will construe the Motion filed on April 3, 2024, (Doc. No. 43), as an amended Motion and directs the Deputy Clerk to terminate the Motion filed at Doc. No. 32.

1

of Music City Fencing Club, Inc., on February 28, 2024. (Doc. Nos. 41 and 42). Plaintiff filed the pending Motion for Entry of Default on April 3, 2024. (Doc. No. 43).

Pursuant to Local Rule 55.01, motions for entry of default against legal entities pursuant to Fed. R. Civ. P. 55(a) "must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service, [and] (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. If an opposing party is an individual, the declaration must also verify (iii) that the opposing party is not a minor or incompetent person, and (iv) that the individual is not in the military service, as required by 50 U.S.C. § 3931(b)(1). L.R. 55.01 (iii)-(iv). In support of its Motion, Plaintiff submits the Declaration of Amy P. Klie. (Doc. No. 43-1).

As reflected in the record as a whole and as confirmed by the Klie Declaration, Defendants were personally served with process on February 28, 2024. To date, Defendants have not responded or otherwise defended this action. Additionally, the Klie Declaration confirms that individual Defendant Samuel Kofi Barrington is not a minor, incompetent, or in the military. (Doc. Nos. 8-1 and 8-2).

Plaintiff has satisfied its obligation under Rule 55(a) and Local Rule 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Plaintiff's Motion for Entry of Default against Defendants Robert Piraino and Music City Fencing Club, Inc., (Doc. No. 43), is **GRANTED**.

s/ Lynda M. Hill
Lynda Motes Hill
Clerk of Court

2